Robert F. Kramer (SBN 181706)
rkramer@feinday.com
M. Elizabeth Day (SBN 177125)
eday@feinday.com
David Alberti (SBN 220625)
dalberti@feinday.com
Sal Lim (SBN 211836)
slim@feinday.com
Russell Tonkovich (SBN 233280)
rtonkovich@feinday.com
Marc Belloli (SBN 244290)
mbelloli@feinday.com
**FEINBERG DAY KRAMER ALBERTI**
**LIM TONKOVICH & BELLOLI LLP**
577 Airport Boulevard, Suite 250
Burlingame, California 94010
Telephone: (650) 825-4300
Facsimile:  (650) 460-8443

*Attorneys for Plaintiff*
Express Mobile, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| EXPRESS MOBILE, INC., | Case No. 3:20-cv-06152 |
| *Plaintiff,* | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| MICROSOFT CORPORATION, | **DEMAND FOR JURY TRIAL** |
| *Defendant.* | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Express Mobile, Inc. ("Express Mobile" or "Plaintiff"), by its attorneys, demands a trial by jury on all issues so triable and for its Complaint against Microsoft Corporation. ("Microsoft" or "Defendant") alleges the following:

### NATURE OF THE ACTION

1.      This action arises under 35 U.S.C. § 271 for Microsoft's infringement of Express Mobile's United States Patent Nos. 6,546,397 ("the '397 patent"), 7,594,168 ("the '168 patent"), 9,928,044 ("the '044 patent"), 9,471,287 ("the '287 patent") and 9,063,755 ("the '755 patent").

### THE PARTIES

2.      Plaintiff Express Mobile, Inc. is an inventor-owned corporation organized under the laws of the State of Delaware with a place of business at 38 Washington Street, Novato, California 94947.

3.      Upon information and belief, Defendant Microsoft is a corporation organized and existing under the laws of the State of Washington, with the following places of business in this District: 555 California Street, Suite 200, San Francisco, CA 94104; 1288 Pear Avenue, Mountain View, CA 94043 and 744 N. Mathilda Avenue, Mountain View, CA 94043. Microsoft can be served with process by serving its registered agent for service of process in California: Corporation Service Company which Will Do Business in California as CSC - Lawyers Incorporating Service, 2710 Gateway Oaks Dr., Ste. 150, Sacramento, CA 95833.

4.      Microsoft is an American multinational corporation that develops, manufactures, licenses, supports, and sells computer software, consumer electronics, personal computers, and related services.

### JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      Jurisdiction and venue for this action are proper in the Northern District of California.

COMPLAINT FOR PATENT INFRINGEMENT

7.     This Court has personal jurisdiction over Microsoft because Microsoft has purposefully availed itself of the rights and benefits of the laws of this State and this Judicial District.  Upon information and belief, Microsoft resides in the Northern District of California by maintaining regular and established places of business at 555 California Street, Suite 200, San Francisco, CA 94104; 1288 Pear Avenue, Mountain View, CA 94043 and 744 N. Mathilda Avenue, Mountain View, CA 94043.

8.     This Court also has personal jurisdiction over Microsoft because Microsoft has done and is doing substantial business in this Judicial District, both generally and, upon information and belief, with respect to the allegations in this Complaint, including Microsoft's one or more acts of infringement in this Judicial District.

9.     Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) and (c) and § 1400(b).  Microsoft has committed acts of infringement through, for example, performing a method to allow users to produce Internet websites in the Northern District of California and has regular and established places of business in this District.  Microsoft's offices in San Francisco and Mountain View are physical places in the District, they are established locations where Microsoft's business has been carried out for several years, and Microsoft publicly advertises its presence in the District.

## INTRADISTRICT ASSIGNMENT

10.     Pursuant to Local Rule 3-2 (c), this case involves intellectual property rights and is subject to assignment on a district wide basis.

## THE PATENTS-IN-SUIT

11.     Express Mobile is the lawful owner of all rights, title, and interest in the '397 patent titled "Browser Based Web Site Generation Tool and Run Time Engine," including the right to sue and to recover for infringement thereof.  The '397 patent was duly and legally issued on April 8, 2003, naming Steven H. Rempell as the inventor.  A true and correct copy of the '397 patent is attached as Exhibit A.

COMPLAINT FOR PATENT INFRINGEMENT

12.     The inventions of the '397 patent solve technical problems related to website creation and generation.  For example, the inventions enable the creation of websites through browser-based visual editing tools such as selectable settings panels which describe website elements, with one or more settings corresponding to commands.  These features are exclusively implemented utilizing computer technology including a virtual machine.

13.     The claims of the '397 patent do not merely recite the performance of some pre-Internet business practice on the Internet.  Instead, the claims of the '397 patent recite inventive concepts that are rooted in computerized website creation technology, and overcome problems specifically arising in the realm of computerized website creation technologies.

14.     The claims of the '397 patent recite inventions that are not merely the routine or conventional use of website creation systems and methods.  Instead, the inventions teach a browser-based website creation system and method in which the user-selected settings representing website elements are stored in a database, and in which said stored information is retrieved to generate said website.

15.     The technology claimed in the '397 patent does not preempt all ways of using website or web page authoring tools nor any other well-known prior art technology.

16.     Accordingly, each claim of the '397 patent recites a combination of elements sufficient to ensure that the claim amounts to significantly more than a patent on an ineligible concept.

17.     Plaintiff is the lawful owner of all rights, title, and interest in United States Patent No. 7,594,168 titled "Browser Based Web Site Generation Tool and Run Time Engine," including the right to sue and to recover for infringement thereof.  The '168 patent was duly and legally issued on September 22, 2009, naming Steven H. Rempell as the inventor.  A true and correct copy of the '168 patent is attached as Exhibit B.

18.     The inventions of the '168 patent solve technical problems related to website creation and generation.  For example, the inventions enable the creation of websites through browser-based build tools and a user interface.  The inventions greatly improve the productivity

COMPLAINT FOR PATENT INFRINGEMENT

of the designer utilizing an innovative implementation for styles. These features are implemented utilizing computer technology.

19. The claims of the '168 patent do not merely recite the performance of some pre-Internet business practice on the Internet. Instead, the claims of the '168 patent recite inventive concepts that are rooted in computerized website creation technology and overcome problems specifically arising in the realm of computerized website creation technologies.

20. The claims of the '168 patent recite inventions that are not merely the routine or conventional use of website creation systems and methods. Instead, the inventions teach a browser-based website creation system including a server comprising a build engine configured to create and apply styles to, for example, a website with web pages comprised of objects.

21. The technology claimed in the '168 patent does not preempt all ways of using website or webpage authoring tools nor any other well-known or prior art technology.

22. Accordingly, each claim of the '168 patent recites a combination of elements sufficient to ensure that the claim amounts to significantly more than a patent on an ineligible concept.

23. In *Express Mobile v. KTree Computer Solutions*, a case filed in the Eastern District of Texas, the defendant, KTree Computer Solutions, brought a Motion for Judgment on the Pleadings asserting that the '397 patent and the '168 patent is invalid as claiming abstract subject matter under 35 U.S.C. § 101. (C.A. 2:17-00128; Dkt. 9, 17, 22-27). The briefing associated with the motion is incorporated by reference into this Complaint.

24. After considering the respective pleadings, Magistrate Judge Payne recommended denial of KTree's motion, without prejudice, holding that "the claims appear to address a problem particular to the internet: dynamically generating websites and displaying web pages based on stored user-selected settings" and further stating "the asserted claims do not bear all of the hallmarks of claims that have been invalidated on the pleadings by other courts in the past. For example, the claims are not merely do-it-on-a-computer claims." (Dkt. 29, attached as Exhibit C.)

COMPLAINT FOR PATENT INFRINGEMENT

No objection was filed to the Magistrate Judge's report and recommendation and the decision therefore became final.

25. In *Express Mobile v. Pantheon Systems, Inc*., a case filed in the Northern District of California, the defendant, Pantheon Systems, Inc., brought a Motion to Dismiss Plaintiff's First Amended Complaint asserting that the '397 patent and the '168 patent were directed to the abstract idea of creating and displaying webpages based upon information from a user with no further inventive concept and purportedly ineligible for patenting under 35 U.S.C. § 101. (Case No. 3:18-CV-04688-RS; Dkt. 26, 32 and 34). The briefing associated with the motion is incorporated by reference into this Complaint.

26. In *Express Mobile v. Code and Theory LLC*, a case filed in the Northern District of California, the defendant, Code and Theory LLC, brought a Motion to Dismiss Plaintiff's Complaint asserting that the '397 patent and the '168 patent are not subject matter eligible under 35 U.S.C. § 101 as a matter of law. (Case No. 3:18-CV-04679-RS; Dkt. 35, 40 and 41). The briefing associated with the motion is incorporated by reference into this Complaint.

27. After a hearing and a consideration of the respective pleadings, Hon. Richard Seeborg denied both motions holding that:

- "The patents here are directed at a purportedly revolutionary technological solution to a technological problem—how to create webpages for the internet in a manner that permits 'what you see is what you get' editing, and a number of other alleged improvements over the then-existing methodologies." *Id*. at 5.

- The claims of the '397 and '168 patents are "directed to a specific improvement to the way computers operate," and "it simply cannot be said on the present record that the claims are drawn so broadly as to be divorced from the potentially patent-eligible purported technological improvements described in the specification." *Id*. at 5-6. (Case No. 3:18-CV-04679-RS; Dkt.45; Case No. 3:18-CV-04688-RS Dkt.40; attached as Exhibit D.)

COMPLAINT FOR PATENT INFRINGEMENT

28. In Case Nos. 1:18-CV-01173-RGA and 1:18-CV-01175-RGA, infringement actions filed by Plaintiff in the District of Delaware, the respective defendants in those actions, Dreamhost LLC and Hostway Services, Inc., brought Motions to Dismiss claims of the '397 and '168 patents on the basis of invalidity under 35 U.S.C. § 101. (Case No. 1:18-CV-01173-RGA D.I. 14, D.I. 18-21 and 24 Case No. 1:18-CV-01175-RGA D.I. 17-19 and 23). The briefing associated with the motion is incorporated by reference into this Complaint.

29. After consideration of the respective pleadings, Judge Andrews denied both motions in a joint order, pointing to factual allegations of inventiveness identified by the Plaintiff, and an expert declaration explaining inventiveness of the claims, noting that such factual issues preclude a finding of invalidity on a motion to dismiss. (Case No. 1:18-CV-01173-RGA D.I. 43; Case No. 1:18-CV-01175-RGA D.I. 42; attached as Exhibit E.)

30. Plaintiff is the lawful owner of all rights, title, and interest in United States Patent No. 9,928,044 titled "Systems and Methods for Programming Mobile Devices," including the right to sue and to recover for infringement thereof. The '044 patent was duly and legally issued on March 27, 2018, naming Steven H. Rempell, David Chrobak and Ken Brown as the inventors. A true and correct copy of the '044 patent is attached as Exhibit F.

31. The inventions of the '044 patent solve technical problems associated with methods and systems for displaying content on displays of devices by providing more efficient ways of generating, storing and retrieving code for displaying content, for example, dynamic content, uniformly across different kinds of devices. For example, the inventions of the '044 patent allow a data-efficient and flexible association between a symbolic name with a User Interface ("UI") object (e.g., a UI object for a widget) corresponding to a web component of a web service, that is manually or automatically selected. The symbolic name has a data format type corresponding to a subclass of UI objects that support the data format type of the symbolic name and is only available to UI objects that support the data format of the symbolic name. Information representative of the defined UI object can be stored in a database and subsequently retrieved from the database to build an application consisting of at least a portion of the database using a player,

COMPLAINT FOR PATENT INFRINGEMENT

which uses the information to generate one or more web pages for display across different kinds of devices (e.g., PC, mobile or tablet; or different browsers, operating systems and applications, including for example both native and browser-based applications.)

32.     The claims of the '044 patent do not merely recite the performance of some pre-Internet business practice on the Internet.  Instead, the claims of the '044 patent recite inventive concepts that are rooted in the computerized, data-efficient definition, selection, storage and generation of user defined object attributes (e.g., a UI object for a widget) on displays for different types of devices, such as PC, mobile or tablet or different browsers, and applications.  Such features are specifically grounded in, and overcome problems with data efficiency and flexibility specifically arising in, the realm of computerized content generation and display technologies, and are not well-understood, routine and conventional elements.

33.     For example, the claimed inventions of the '044 patent recite innovative, technical improvements that select and associate symbolic names with defined UI objects (e.g., UI objects for a widget) corresponding to web components of web services based on, for example, data format type, storing information representative of such settings in a database, and building applications, which together with players, generate uniform, data-efficient content, such as dynamic content, for display across different types of devices.

34.     The technology claimed in the '044 patent does not preempt all ways for the computerized generation of code for a display of a device nor any other well-known or prior art technology.  For example, the specific, innovative technical improvements do not preempt well-known methods of generating code for a display of a device by programming in HTML or JavaScript code.

35.     Accordingly, each claim of the '044 patent thus recites a combination of elements sufficient to ensure that the claim amounts to significantly more than a patent on an ineligible concept.

36.     Plaintiff is the lawful owner of all rights, title, and interest in United States Patent No. 9,471,287 titled "Systems and Methods for Integrating Widgets on Mobile Devices," including

COMPLAINT FOR PATENT INFRINGEMENT

the right to sue and to recover for infringement thereof.  The '287 patent was duly and legally issued on October 18, 2016, naming Steven H. Rempell, David Chrobak and Ken Brown as the inventors. A true and correct copy of the '287 patent is attached as Exhibit G.

37.    The inventions of the '287 patent solve technical problems associated with methods and systems for displaying content on displays of devices by providing more efficient ways of generating code for uniformly displaying content, for example dynamic content, across different kinds of devices.  For example, the inventions of the '287 patent allow a data-efficient and flexible association between a symbolic name and a UI object (e.g., a UI object for a widget) corresponding to a web component of a web service, that is defined for presentation on a display of a device.  The defined UI object can be selected by a user of an authoring tool or automatically selected by a system based on a web component selected by the user.  Further, the symbolic name has a data format type corresponding to a subclass of UI objects that support the data format type of the symbolic name.  A device-independent application including the symbolic name is then produced and provided to the device together with a device-platform-dependent player.  Such operations provide a user-friendly platform allowing the UI object to be efficiently defined and uniformly displayed across different kinds of devices (e.g., PC, mobile or tablet; or different browsers, operating systems, and applications, including for example both native and browser-based applications).

38.    The claims of the '287 patent do not recite merely the performance of a known business practice on the Internet.  Instead, the claims of the '287 patent recite inventive concepts grounded in the computerized, data-efficient definition and generation of object attributes (e.g., a UI object for a widget) on displays for different types of devices, such as PC, tablet, or mobile devices, or different browsers and applications.  Such features are specifically grounded in, and overcome problems with data efficiency and flexibility specifically arising in, the realm of computerized content generation and display technologies, and are not well-understood, routine, and conventional elements.

COMPLAINT FOR PATENT INFRINGEMENT

39.     For example, the claimed inventions of the '287 patent recite innovative, technical improvements that associate symbolic names with UI objects (e.g., UI objects for a widget) corresponding to web components of web services that are manually or automatically selected, and defined based on, for example, data format type, and produce device-independent applications including those symbolic names, together with device-dependent players, to provide uniform, data-efficient server-based content display across different types of devices.

40.     The technology claimed in the '287 patent does not preempt all ways for the computerized generation of code for a display of a device nor any other well-known or prior art technology. For example, the specific, innovative technical improvements do not preempt well-known methods of generating code for a display of a device by programming in HTML or JavaScript code.

41.     Each claim of the '287 patent thus recites a combination of elements sufficient to ensure that the claim amounts to significantly more than a patent on an ineligible concept.

42.     Accordingly, each claim of the '287 patent recites a combination of elements sufficient to ensure that the claim amounts to significantly more than a patent on an ineligible concept.

43.     Plaintiff is the lawful owner of all rights, title, and interest in United States Patent No. 9,063,755 titled "Systems and Methods for Presenting Information on Mobile Devices," including the right to sue and to recover for infringement thereof. The '755 patent was duly and legally issued on June 23, 2015, naming Steven H. Rempell, David Chrobak and Ken Brown as the inventors. A true and correct copy of the '755 patent is attached as Exhibit H.

44.     The inventions of the '755 patent utilize inventive concepts to solve technical problems associated with methods and systems for displaying content on displays of devices, providing more efficient ways of generating code for uniformly displaying content, for example dynamic content, across different kinds of devices. For example, the inventions of the '755 patent allow a data-efficient and flexible association between a symbolic name and a UI object (e.g., a UI object for a widget), corresponding to a web component of a web service, that is defined for

COMPLAINT FOR PATENT INFRINGEMENT

presentation on a display of a device. A device-independent application including the symbolic name is produced and provided to the device, together with a device-platform-dependent player.

45. The claimed inventions of the '755 patent allow the UI object to be efficiently displayed across different kinds of devices (e.g., PC, mobile or tablet; or different browsers, operating systems, and applications, including both native and browser-based applications), as opposed to, for example, programming directly in HTML or JavaScript code. In turn, a user can enter an input value to the UI object, and obtain an output value based on a web service associated with the UI object, the input value and output value also being communicated through symbolic names to provide an additional level of efficiency.

46. The claims of the '755 patent do not recite merely the performance of a known business practice on the Internet. Instead, the claims of the '755 patent recite inventive concepts concerning the computerized, data-efficient generation of server-based content (e.g., a UI object for a widget) on displays for different types of devices, such as PC, tablet, or mobile devices, or different browsers and applications. For example, the claims of the '755 utilize symbolic name associations and provide device-independent applications including those symbolic names, together with device-platform-dependent players, to devices. Further, input values and output values for the defined content are also communicated as symbolic names. Such features are specifically grounded in, and overcome problems with data efficiency and flexibility specifically arising in, the realm of computerized content generation and display technologies, and are not well-understood, routine, and conventional elements.

47. For example, the claimed inventions of the '755 patent recite innovative, technical improvements that associate symbolic names with defined UI objects (e.g., UI objects for a widget) corresponding to web components of web services, and produce device-independent applications including those symbolic names, together with device-platform-dependent players, to provide uniform, data-efficient content, such as dynamic content, for display across different types of devices.

COMPLAINT FOR PATENT INFRINGEMENT

48.     The technology claimed in the '755 patent does not preempt all ways for the computerized generation of code for a display of a device, nor any other well-known or prior art technology.  For example, the specific, innovative technical improvements claimed in the '755 patent do not preempt well-known methods of generating code for a display of a device by programming in HTML or JavaScript code.

49.     Each claim of the '755 patent thus recites a combination of elements sufficient to ensure that the claim amounts to significantly more than a patent on an ineligible concept.  Accordingly, each claim of the '755 patent recites a combination of elements sufficient to ensure that the claim amounts to significantly more than a patent on an ineligible concept.

### BACKGROUND

50.     Plaintiff Express Mobile is a leader in the business of developing mobile app and web site design and creation platforms, and has intellectual property including U.S. patents relating to certain tools useful in the field.  Express Mobile is managed by individuals with decades of technology and business experience.  The Chairman of the Board and CTO of Express Mobile, Steve Rempell, is the inventor of Express Mobile's patent portfolio.  Mr. Rempell has over 50 years of experience in technology companies, with much of that work focused on web-based technologies and applications.

51.     Defendant Microsoft is a well-known American multinational company that that develops, manufactures, licenses, supports, and sells computer software, consumer electronics, personal computers, and related services.  Microsoft generates billions of dollars of revenue per year.

### COUNT I - INFRINGEMENT OF U.S. PATENT NO. 6,546,397

52.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 to 51 above.

53.     Microsoft has performed a method to allow users to produce Internet websites which infringed, either literally or under the doctrine of equivalents, one or more claims of the '397 patent in violation of 35 U.S.C. § 271(a).

COMPLAINT FOR PATENT INFRINGEMENT

54.     Upon information and belief, Microsoft directly infringed at least claim 1 of the '397 patent through the browser-based version of Microsoft Office Web App that practiced a method to allow users to produce Internet websites on and for computers having a browser and a virtual machine capable of generating displays (the "Accused Instrumentality").



55.     The Accused Instrumentality presented viewable menus having a user selectable panel of settings describing elements on a website (e.g., each document or collection of documents created is a website accessible via the web at an assigned address). These panels of settings were presented through a browser on a computer adapted to accept a multitude of selectable settings in said panels as inputs therefrom, and these user selectable settings in said panels correspond to commands to a Webkit or Trident Engine virtual machine. For example, in the below menu in the Accused Instrumentality, a menu of text formatting options for an element are presented. Changing the "Bold" option immediately generated a command to the virtual machine triggering an update.

COMPLAINT FOR PATENT INFRINGEMENT



COMPLAINT FOR PATENT INFRINGEMENT

56.     The Accused Instrumentality generated or updated the display immediately upon the selection of a user selectable setting.  In the example above, as soon as the text was selected and the user selectable "Bold" setting was chosen, the text was immediately updated to a bold weight.

57.     The Accused Instrumentality stored information representative of the one or more user selected settings in a database as shown above, and used information representative of the settings relevant portions of the website.  For example, the exemplary settings such as font weight and style are were stored and subsequently retrieved from the database in order to generate the relevant portions of the website.

58.     The Accused Instrumentality built one or more web pages to generate the website from at least a portion of said database and at least one run time file, where the at least one run time file utilized information stored in said database to generate virtual machine commands for the display of at least a portion of said one or more web pages.  For example, the Accused Instrumentality had runtime .js files, including at least WordEditor.js, which comprised the Office Web App environment and editor (here, the Microsoft Word Office Web App).  The Accused Instrumentality then used these runtime files to generate Webkit or Trident Engine Virtual Machine commands which generated a set of web pages for display that would have been visible on the device's browser.

COMPLAINT FOR PATENT INFRINGEMENT



59.     Microsoft was made aware of the '397 patent and its infringement thereof at least as early as July 27, 2019 when Express Mobile provided notice of Microsoft's infringement of the '397 patent to Dev Stahlkopf, General Counsel of Microsoft.  After at least the time Microsoft received notice, Microsoft induced others to infringe at least one claim of the '397 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful

COMPLAINT FOR PATENT INFRINGEMENT

blindness, actively aided and abetted others to infringe, including but not limited to Microsoft's clients, customers, and end users, whose use of the Accused Instrumentality constituted direct infringement of at least one claim of the '397 patent. In particular, Microsoft's actions that aided and abetted others such as customers and end users to infringe included advertising and distributing the Accused Instrumentality and providing instruction materials, training, and services regarding the Accused Instrumentality. *See e.g.*, microsoft.com, support.microsoft.com, https://support.microsoft.com/en-us/office, https://support.microsoft.com/en-us/microsoft-365. Microsoft engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Microsoft had actual knowledge of the '397 patent and knowledge that its acts were inducing infringement of the '397 patent since at least the date Microsoft received notice that such activities infringed the '397 patent.

60. Microsoft is liable as a contributory infringer of the '397 patent under 35 U.S.C. § 271(c) by having offered to sell, sold and imported into the United States website or web page authoring tools to be especially made or adapted for use in an infringement of the '397 patent. The Accused Instrumentality is a material component for use in practicing the '397 patent, is specifically made and is not a staple article of commerce suitable for substantial non-infringing use.

61. Upon information and belief, since the date of its receipt of notice, Microsoft's infringement of the '397 patent was willful and intentional under the standard announced in *Halo Elecs., Inc. v. Pulse Elecs., Inc.,* 136 S.Ct. 1923, 195 L.Ed 2d 278 (2016). From at least July 27, 2019, Microsoft willfully infringed the '397 patent by refusing to take a license and continuing to make, use, test, sell, license, and/or offer for sale/license the '397 Accused Instrumentality. Microsoft was aware that it infringed the '397 patent from at least July 27, 2019 and instead of taking a license, Microsoft opted to make the business decision to "efficiently infringe" the '397 patent. In doing so, Microsoft willfully infringed the '397 Patent.

62. Microsoft's infringement damaged and injured Express Mobile.

## COUNT II - INFRINGEMENT OF U.S. PATENT NO. 7,594,168

63. Plaintiff incorporates by reference the allegations contained in paragraphs 1 to 62 above.

64. Microsoft has manufactured, used, sold, offered to sell and/or provided and continues to manufacture, use, sell, offer to sell and/or provide a browser-based version of Microsoft Office Web App that comprises a system to assemble a website (the "Accused Instrumentality") that infringes, either literally or under the doctrine of equivalents, one or more claims of the '168 patent in violation of 35 U.S.C. § 271(a).

65. Upon information and belief, Microsoft has directly infringed at least claim 1 of the '168 patent through its Accused Instrumentality that is a system for generating a website.

66. The Accused Instrumentality is a system for assembling a web site (e.g., each presentation or collection or presentations created is a unique website accessible via the web at an assigned address).



**Source:** https://onedrive.live.com/edit.aspx?resid=B6C39DFB35381BE4%2149057&nd=1

COMPLAINT FOR PATENT INFRINGEMENT

67.     The Accused Instrumentality comprises a server comprising a build engine.  For example, Microsoft offers the ability for its users to create documents entirely online, through their browsers, such as by clicking the "New" button and creating a document.  Microsoft describes these files as being "automatically saved online."



**Source:** https://onedrive.live.com/?id=B6C39DFB35381BE4%2149056&cid=B6C39DFB35381BE4

**Source:** https://onedrive.live.com/edit.aspx?resid=B6C39DFB35381BE4%2149059&nd=1

COMPLAINT FOR PATENT INFRINGEMENT

68.     The Accused Instrumentality accepts user input to create a web site, the web site comprising a plurality of web pages, each web page comprising a plurality of objects to accept user input to associate a style with objects of the plurality of web pages.  For example, a web site such as a collection of Office documents may be created.  Each Office document is a different web page.  Each Office document comprises a plurality of objects, and the Accused Instrumentality accepts user input to associate a style with objects in these Office documents.  For example, a user may use the "Designer" within PowerPoint to select a theme for every page of a presentation.



**Source:** https://onedrive.live.com/edit.aspx?resid=B6C39DFB35381BE4%2149059&nd=1

69.     Other objects can be added, such as pictures.

COMPLAINT FOR PATENT INFRINGEMENT



**Source:** https://onedrive.live.com/edit.aspx?resid=B6C39DFB35381BE4%2149059&nd=1

70. A user can select from stock images.

**Source:** https://onedrive.live.com/edit.aspx?resid=B6C39DFB35381BE4%2149059&nd=1

COMPLAINT FOR PATENT INFRINGEMENT

71. A user may manually re-arrange these images or use one of Microsoft's automated tools, such as Designer, to arrange the images in the slide.



**Source:** https://onedrive.live.com/edit.aspx?resid=B6C39DFB35381BE4%2149059&nd=1

72. Each web page comprises at least one button object or at least one image object. For example, in the presentation being constructed above, image objects are able to be added to every slide of the presentation.



**Source:** https://onedrive.live.com/edit.aspx?resid=B6C39DFB35381BE4%2149059&nd=1

73. In the Accused Instrumentality, the at least one button object or at least one image object is associated with a style that includes values defining transformations and time lines for the at least one button object or at least one image object. For example, a user may click on a picture, select "Animations," and select an animation such as "Fly In."



**Source:** https://onedrive.live.com/edit.aspx?resid=B6C39DFB35381BE4%2149059&nd=1

74. More animations are available. For example, a user could select the "stretch" animation for the second image on the page.

COMPLAINT FOR PATENT INFRINGEMENT





**Source:** https://onedrive.live.com/edit.aspx?resid=B6C39DFB35381BE4%2149059&nd=1

75. Each animation has values defining the transformations and timelines applicable to each image. For example, animations have options that may be changed, such as where an image may fly-in from, such as "From Bottom" or "From Bottom-Left." Because these animations take place over time, they include a value defining a time line.



**Source:** https://onedrive.live.com/edit.aspx?resid=B6C39DFB35381BE4%2149059&nd=1

COMPLAINT FOR PATENT INFRINGEMENT

76.     As an additional example, each slide is also an image object, which is associated with a style that includes values defining transformations and time lines.  For example, a user may apply a style to Slide 3 that includes the Transition "Wipe," which includes selectable options such as which direction the "Wipe" will go, and timeline settings such as "Duration," set to 1.75 seconds, here.



**Source:** https://onedrive.live.com/edit.aspx?resid=B6C39DFB35381BE4%2149059&nd=1

77.     In the Accused Instrumentality, each web page is defined entirely by each of the plurality of objects comprising that web page and the style associated with the object.  For example, each presentation is defined entirely by the slides and the style associated with the slide.  For example, with the default style, a slide will display with black text on a white background.

COMPLAINT FOR PATENT INFRINGEMENT



**Source:** https://onedrive.live.com/edit.aspx?resid=B6C39DFB35381BE4%2149059&nd=1

78.    After changing the theme of a presentation, the page is entirely transformed, as the background and objects have all changed their styles.



**Source:** https://onedrive.live.com/edit.aspx?resid=B6C39DFB35381BE4%2149059&nd=1

79.    Each web page is also defined entirely by each of the plurality of objects comprising that web page and the style associated with the object due to a web page's reliance

COMPLAINT FOR PATENT INFRINGEMENT

on HTML. Using the Document Object Model, modern browsers parse the HTML code that comprises web pages into objects.

Each web page is also defined entirely by each of the plurality of objects comprising that web page and the style associated with the object due to a web page's reliance on HTML. Using the Document Object Model, modern browsers parse the HTML code that comprises web pages into objects.

The Document Object Model (DOM) connects web pages to scripts or programming languages by representing the structure of a document—such as the HTML representing a web page—in memory. Usually, that means JavaScript, although modeling HTML, SVG, or XML documents as objects are not part of the core JavaScript language, as such.

The DOM represents a document with a logical tree. Each branch of the tree ends in a node, and each node contains objects. DOM methods allow programmatic access to the tree. With them, you can change the document's structure, style, or content.
https://developer.mozilla.org/en-US/docs/Web/API/Document_Object_Model

The HTML DOM is a standard **object** model and **programming interface** for HTML. It defines:
- **The HTML elements as objects**
- **The properties of all HTML elements**
- The methods to access all HTML elements
- The **events** for all HTML elements

In other words: The HTML DOM is a standard for how to get, change, add, or delete HTML elements.
https://www.w3schools.com/js/js_htmldom.asp

      80.    The Accused Instrumentality produces a database with a multidimensional array comprising the objects that comprise the web site including data defining, for each object, the object style, an object number, and an indication of the web page that each object is part of. Web sites created with the Accused Instrumentality are stored on Microsoft's servers, in a database that encompasses all documents created by the user.

COMPLAINT FOR PATENT INFRINGEMENT



81.     For example, Accused Instrumentality documents are stored on Azure Storage container databases.

**Encryption of data in transit and at rest**

OneDrive uses advanced data-encryption methods between your device and the data center, between servers in the data center, and at rest. At rest, OneDrive uses disk encryption through BitLocker Drive Encryption and file encryption to secure your data. Each file is encrypted with its own encryption key; anything larger than 64 KB is split into individual chunks, each of which has its own encryption key locked in a key store.

Each file chunk is then randomly distributed among Microsoft Azure Storage containers, and a construction map for the complete file is stored in a separate secure content database. For attackers to access the file, they would need all the file chunks, the keys, and the map—a highly improbable task. For more info about this process, see Data Encryption in OneDrive and SharePoint.

**Source:** https://docs.microsoft.com/en-us/onedrive/plan-onedrive-enterprise

82.     The object data from a web page is saved in this database, as can be seen in the HTML source.  The database includes data defining the object style (such as its class, which includes variables that affect font style, color, etc.), object number, and an indication of the web page that the object is a part of.

COMPLAINT FOR PATENT INFRINGEMENT



**Source:** https://onedrive.live.com/edit.aspx?resid=B6C39DFB35381BE4%2149059&nd=1

```
▼<div id="WACViewPanel_EditingElement_WrappingDiv" style="height: 13.801px; width: 118.4px; display:
block; position: absolute; z-index: 32767; visibility: visible; max-height: none; opacity: 1; top:
0px; left: 0px;">
    <div id="WACViewPanel_WACEditing_DescribedByElement" role="description" aria-hidden="true" style=
    "visibility: hidden; position: absolute; z-index: -100;">Press F2 to Leave.</div>
    ▼<div id="WACViewPanel_EditingElement" contenteditable="true" spellcheck="false" class="Safari
    usehover WACEditing EditMode EditingSurfaceBody" aria-describedby=
    "WACViewPanel_WACEditing_DescribedByElement" aria-label="Editing Area" style="overflow: visible;
    visibility: visible;">
        ▼<p class="Paragraph" xml:lang="EN-US" lang="EN-US" paraid="0" paraeid="{40af8f46-323c-47b2-8f38-
        096112907967}{81}" data-ccp-props="{"335551550":1,"335551620":1,"335559685":0,"335559685":
        0,"335559731":0,"335559737":0,"335562764":2,"335562765":1,"335562766":4,"335562767":0,"335562768":
        4,"335562769":0}" style="font-weight: normal; font-style: normal; vertical-align: baseline; font-
        family: "Segoe UI", Tahoma, Verdana, Sans-Serif; background-color: transparent; color: windowtext;
        text-align: left; margin-left: 0px; text-indent: 0px; font-size: 0pt;">
            ▼<span data-usefontface="false" data-contrast="none" class="TextRun" xml:lang="EN-US" lang="EN-
            US" style="color: rgb(0, 0, 0); font-weight: normal; font-style: normal; text-decoration: none;
            font-size: 10.56px; font-family: "Avenir Next LT Pro Light", "Avenir Next LT Pro
            Light_MSFontService", "Avenir Next LT Pro Light_MSFontService", sans-serif; font-variant: normal;
            letter-spacing: 0px; font-kerning: normal; line-height: 13px; vertical-align: -0.187333px;
            padding-top: 0.187333px;">
                <span class="NormalTextRun" style="vertical-align: 0.187333px; line-height: 0px; position:
                relative;">Beautiful</span>
            </span>
            <span class="EOP" style="font-size: 10.56px; line-height: 0px; font-family: "Avenir Next LT Pro
            Light", "Avenir Next LT Pro Light_MSFontService", "Avenir Next LT Pro Light_MSFontService",
            sans-serif;">&#8203;</span>
        </p>
    </div>
</div>
```

**Source:** https://onedrive.live.com/edit.aspx?resid=B6C39DFB35381BE4%2149059&nd=1

COMPLAINT FOR PATENT INFRINGEMENT

```
 ▶ <form name="frameForm" id="frameForm" target="wac_frame" action="https://powerpoint.officeapps.live.com/pods/ppt.aspx?
 wdPodsUrl=https%3A%2F%2Fpowerpoint.officeapps.live.com%2Fpods%2F&wdPopsUrl=https%3A%2F%2Fpowerpoint.officeapps.live.com%2F&fastBoot=true&sw=10
 06&sh=525&thPanel=578&ro=false&sftc=1&NoAuth=1&fileName=Presentation2.pptx&wdoverrides=devicepixelratio:1.25,RenderGifSlideShow:true&ui=en-
 US&rs=en-
 US&mscc=1&wdOrigin=Unknown&postMessageToken=jRgQGm6rGk6IcDnlZhShaw.0&wde=pptx&wdp=0&fs=1079711&hid=jRgQGm6rGk6IcDnlZhShaw.0&uih=OneDrive&fileG
 etUrlBool=true" method="post">…</form>
```

**Source:** https://onedrive.live.com/edit.aspx?resid=B6C39DFB35381BE4%2149059&nd=1

83.     Changes to elements such as "Duration" in the Transitions settings, discussed above, is seen in the HTML, showing that it is a setting saved in the database.



**Source:**
https://onedrive.live.com/edit.aspx?cid=b6c39dfb35381be4&page=view&resid=B6C39DFB3538
1BE4!49059&parId=B6C39DFB35381BE4!49056&app=PowerPoint

```
  ▶ <div class="groupContainer-139">…</div>
  ▶ <div class="groupContainer-139">…</div>
  ▼ <div class="groupContainer-139">
    ▼ <div class="root-142">
      ▼ <div role="group" aria-label="Transitions" data-unique-id=
        "TransitionTiming" class="ms-OverflowSet root-61">
        ▼ <div class="ms-OverflowSet-item ribbonOverflowItem item-62">
          ▼ <div class="css-689">
            ▶ <div class="css-690">…</div>
            ▼ <div data-unique-id="Ribbon-SetTransitionDuration" class=
              "css-693" aria-label="Duration" data-ktp-target="ktp-k-e">
                <input id="input1426" class="css-694" type="text"
                autocomplete="off" role="spinbutton" aria-labelledby=
                "Label1425" aria-valuenow="1.75" aria-valuetext="1.75"
                aria-valuemin="0" aria-valuemax="59" aria-describedby=
                "ktp-layer-id ktp-k-e" aria-disabled="false" data-
                lpignore="true" data-ktp-execute-target="ktp-k-e"
                value="1.75"> == $0
            ▶ <span class="css-695">…</span>
```

**Source:**
https://onedrive.live.com/edit.aspx?cid=b6c39dfb35381be4&page=view&resid=B6C39DFB353
81BE4!49059&parId=B6C39DFB35381BE4!49056&app=PowerPoint (zoomed in)

COMPLAINT FOR PATENT INFRINGEMENT

84. The database is provided to a server accessible to a web browser. As described above, Accused Instrumentality documents are stored in a database, and that database is provided to a server accessible to a web browser because the Accused Instrumentality documents are displayed on a web browser.



**Source:** https://docs.microsoft.com/en-us/onedrive/plan-onedrive-enterprise

**Source:** https://onedrive.live.com/?id=B6C39DFB35381BE4%2149056&cid=B6C39DFB35381BE4

85. The database is produced such that a web browser with access to a runtime engine is configured to generate the web-site from the objects and style data extracted from the provided database. Modern web browsers all include a runtime engine for generating web-sites. Modern

web browsers rely on browser engines, to interpret and execute JavaScript and HTML to render web pages on a computer. For example, Internet Explorer has relied on Trident (code name for MSHTML) (which has included the Chakra JavaScript Engine, see http://en.wikipedia.org/wiki/MSHTML); Edge relies on EdgeHTML (which also includes the Chakra JavaScript Engine, see https://docs.microsoft.com/en-us/microsoft-edge/dev-guide) Safari and Chrome rely on Webkit (which includes WebCore and JavaScript Core, see http://en.wikipedia.org/wiki/WebKit); Firefox relies on Gecko (which includes Spidermonkey, see http://www.mozilla.org/projects/technologies.html).

86.    As shown above, the browser constructs the website according to the Document Object Model. Using the Document Object Model, modern browsers parse the HTML code that comprises web pages into objects.

The Document Object Model (DOM) connects web pages to scripts or programming languages by representing the structure of a document—such as the HTML representing a web page—in memory. Usually, that means JavaScript, although modeling HTML, SVG, or XML documents as objects are not part of the core JavaScript language, as such.

The DOM represents a document with a logical tree. Each branch of the tree ends in a node, and each node contains objects. DOM methods allow programmatic access to the tree. With them, you can change the document's structure, style, or content.
https://developer.mozilla.org/en-US/docs/Web/API/Document_Object_Model

The HTML DOM is a standard **object** model and **programming interface** for HTML. It defines:
- The HTML elements as objects
- The properties of all HTML elements
- The methods to access all HTML elements
- The **events** for all HTML elements

In other words: The HTML DOM is a standard for how to get, change, add, or delete HTML elements.
https://www.w3schools.com/js/js_htmldom.asp

87.    Microsoft was made aware of the '168 patent and its infringement thereof at least as early as July 27, 2019 when Express Mobile provided notice of Microsoft's infringement of the '168 patent to Dev Stahlkopf, General Counsel of Microsoft. Since at least the time Microsoft received notice, Microsoft has induced others to infringe at least one claim of the '168 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful

COMPLAINT FOR PATENT INFRINGEMENT

blindness, actively aiding and abetting others to infringe, including but not limited to Microsoft's clients, customers, and end users, whose use of the Accused Instrumentality constitutes direct infringement of at least one claim of the '168 patent. In particular, Microsoft's actions that aid and abet others such as customers and end users to infringe include advertising and distributing the Accused Instrumentality and providing instruction materials, training, and services regarding the Accused Instrumentality. microsoft.com, support.microsoft.com, https://support.microsoft.com/en-us/office, https://support.microsoft.com/en-us/microsoft-365. Microsoft has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Microsoft has had actual knowledge of the '168 patent and knowledge that its acts were inducing infringement of the '168 patent since at least the date Microsoft received notice that such activities infringed the '168 patent.

88. Microsoft is liable as a contributory infringer of the '168 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States website or web page authoring tools to be especially made or adapted for use in an infringement of the '168 patent. The Accused Instrumentality is a material component for use in practicing the '168 patent, is specifically made and is not a staple article of commerce suitable for substantial non-infringing use.

89. Upon information and belief, since the date of its receipt of notice, Microsoft's infringement of the '168 patent has been willful and intentional under the standard announced in *Halo Elecs., Inc. v. Pulse Elecs., Inc.,* 136 S.Ct. 1923, 195 L.Ed 2d 278 (2016). Since at least July 27, 2019, Microsoft has willfully infringed the '168 patent by refusing to take a license and continuing to make, use, test, sell, license, and/or offer for sale/license the Accused Instrumentality. Microsoft has been aware that it infringes the '168 patent since at least July 27, 2019 and instead of taking a license, Microsoft has opted to make the business decision to "efficiently infringe" the '168 patent. In doing so, Microsoft willfully infringed the '168 Patent.

90. Microsoft's infringement has damaged and injured and continues to damage and injure Express Mobile.

## COUNT III - INFRINGEMENT OF U.S. PATENT NO. 9,928,044

91.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 to 90 above.

92.     Microsoft has manufactured, used, sold, offered to sell and/or provided and continues to manufacture, use, sell, offer for sale and/or provide a browser-based version of Microsoft Office Web App that comprises a system to generate code to provide content on a display of a device (the "Accused Instrumentality") that infringes, either literally or under the doctrine of equivalents, one or more claims of the '044 patent in violation of 35 U.S.C. § 271(a).

93.     Upon information and belief, Microsoft has directly infringed at least claim 1 of the '044 patent through its Accused Instrumentality that generates code to provide content on a display of a device.

94.     The Accused Instrumentality is a system for generating code to provide content on the display of a device for each of its users.  The Accused Instrumentality server delivers browser-based versions of Word, PowerPoint, Excel, and OneNote.  For example, the Word Web App (shown below) generates code to provide the content below on the display of a user device, such as desktop computers, laptops, tablets, and mobile phones.



COMPLAINT FOR PATENT INFRINGEMENT

# How SharePoint 2013 uses Office Web Apps Server for viewing and editing Office documents

When used with SharePoint Server 2013, Office Web Apps Server provides updated versions of Word Web App, Excel Web App, PowerPoint Web App, and OneNote Web App. Users can view and, in some cases, edit Office documents in SharePoint libraries by using a supported web browser on computers and on many mobile devices, such as Windows Phones, iPhones, iPads, and Windows 8 tablets. Among the many new features in Office Web Apps, improved touch support and editing capabilities enable users of iPads and Windows 8 tablets to enjoy editing and viewing Office documents directly from their devices.

The following illustration summarizes the viewing and editing capabilities of Office Web Apps on different kinds of devices.

**Viewing and editing capabilities of Office Web Apps**



**Source:** https://docs.microsoft.com/en-us/webappsserver/office-web-apps-server-overview

95. The Accused Instrumentality includes memory to store user selections and other information relating to a user's web site, web pages, and the web components or elements that are intended to be displayed.

## Differences between the Office Web Apps deployment models

Office Web Apps then and now




**Source:** https://docs.microsoft.com/en-us/webappsserver/office-web-apps-server-overview

COMPLAINT FOR PATENT INFRINGEMENT

96. The various menus in the Accused Instrumentality include symbolic names for web components such as "Table" and "TableContainer," a component that can be evoked by the corresponding symbolic name. The Table component is related to table inputs and display outputs of the Accused Instrumentality web service, obtained over a network by the user. The component's name is a character string that is not a persistent address or pointer to an output value. The Table component is associated with a data format class type corresponding to a subclass of UI objects (in this case, Tables in a Word document), and where this symbolic name has a preferred UI object (the Table).



COMPLAINT FOR PATENT INFRINGEMENT



97.     When a user accesses a document via the Accused Instrumentality, that document has a persistent address that is stored in the database to allow users to return to and consistently access or share a particular document.



COMPLAINT FOR PATENT INFRINGEMENT

## How Office Web Apps Server enables users to view Office files in shared folders and websites by using Online Viewers

Online Viewers enable users to use a web browser to view Excel, PowerPoint and Word files that are stored on web servers or shared folders in an organization. Users can conveniently view Office files in a web browser without having to open a separate application. In addition, Online Viewers do not require Office 2013 to be installed on users' computers. Online Viewers also generate the code that is required to link or embed the URL inside a webpage. You can use Online Viewers within your Intranet, or on the Internet.

**Source:** https://docs.microsoft.com/en-us/webappsserver/office-web-apps-server-overview

98.     The Accused Instrumentality has an authoring tool configured to define a UI object for presentation on the display.  In the example below, the defined UI object that is selected is a Table, which is a web component of the Accused Instrumentality.  The Table's contents and settings comprise an input of the web service, and the resulting output to the user and associated parameters are an output of the web service.  In this case, the defined UI object was selected by a user of the authoring tool.

COMPLAINT FOR PATENT INFRINGEMENT



99.     The authoring tool in the Accused Instrumentality is configured to access the computer memory to select the symbolic name corresponding to the web component of the defined UI object.  For example, the Accused Instrumentality accesses page components such as Tables and their associated data from memory as shown below.

COMPLAINT FOR PATENT INFRINGEMENT



100. When the Accused Instrumentality creates a UI object, it is associated with a symbolic name unique to that type of UI object (such as a Table). The authoring tool associates this symbolic name with the defined UI object so that it can be referenced by the Accused

Instrumentality at a later time.  This data will be committed to the database by the authoring tool as described below.



101.    The Accused Instrumentality is configured to store information representative of the UI objects and their settings and associated data in a database, as shown below.  This information includes settings such as the size and layout, color, content, and other associated settings.



COMPLAINT FOR PATENT INFRINGEMENT



**Source:** https://support.microsoft.com/en-us/office/basic-tasks-in-word-87b3243c-b0bf-4a29-82aa-09a681999fdc#ID0EABAAA=Web

COMPLAINT FOR PATENT INFRINGEMENT

# Basic tasks in Word

*Word for Microsoft 365, Word for the web, Word 2019, Word 2016, Word 2013, Word 2010*

| Newer Versions | **Web** | Office 2013 | Office 2010 |

With Word for the web, you use your web browser to create, view, and edit the personal documents that you store on OneDrive. If your organization or college has a Microsoft 365 plan or SharePoint site, start using Word for the web by creating or storing documents in libraries on your site. Save changes

Word saves your changes automatically. Look on the status bar at the bottom left corner of Word for the web. It will either show **Saved** or **Saving**.



**Source:** https://support.microsoft.com/en-us/office/basic-tasks-in-word-87b3243c-b0bf-4a29-82aa-09a681999fdc#ID0EABAAA=Web

102.    All data from the Accused Instrumentality and data used by the individual Web App that is being viewed is stored in the Microsoft database.  When a user chooses a UI component and edits it or otherwise makes changes, these components and associated data are retrieved from the Microsoft database where they are stored.

# Basic tasks in Word

*Word for Microsoft 365, Word for the web, Word 2019, Word 2016, Word 2013, Word 2010*

| Newer Versions | **Web** | Office 2013 | Office 2010 |

With Word for the web, you use your web browser to create, view, and edit the personal documents that you store on OneDrive. If your organization or college has a Microsoft 365 plan or SharePoint site, start using Word for the web by creating or storing documents in libraries on your site.Save changes

Word saves your changes automatically. Look on the status bar at the bottom left corner of Word for the web. It will either show **Saved** or **Saving**.



(https://support.microsoft.com/en-us/office/basic-tasks-in-word-87b3243c-b0bf-4a29-82aa-09a681999fdc#ID0EABAAA=Web)

103.    The authoring tool in the Accused Instrumentality is configured to build an application consisting of one or more web page views from the Microsoft database.  That application is provided in the form of the JavaScript files and associated data for the web page views that are stored in the Microsoft database.  When a browser is used to access the Accused Instrumentality, it uses a player which interacts with the application and data stored on the Microsoft server.  That player accesses and renders the data to generate the web page viewed by the user.  The player operates with the virtual machine (for example, Microsoft Internet Explorer uses the Trident or Blink virtual machine, depending on the software version) and the information stored in the database in order to generate and display at least a portion of one or more web pages.  The player includes at least some code that is device-dependent in order to allow the environment to work across a variety of devices such as personal computers (including laptops and desktops), tablets, and phones.

104.    As described and shown above, when a browser accesses Web Apps built by a Microsoft user, the application is provided to the device in the form of JavaScript files and other

assets.  The browser's player operates with the virtual machine to interpret this JavaScript and execute it locally.



105.    The Accused Instrumentality includes UI objects (such as text fields and tables) that are configured to receive input and generate visual output.  Interaction by the user with the Accused Instrumentality allows the App to store any input values in the Microsoft database.  The web service also uses that same data to generate and display output values associated with these inputs when displaying data from the database to the user.



COMPLAINT FOR PATENT INFRINGEMENT



COMPLAINT FOR PATENT INFRINGEMENT

# Basic tasks in Word

*Word for Microsoft 365, Word for the web, Word 2019, Word 2016, Word 2013, Word 2010*

Newer Versions    **Web**    Office 2013    Office 2010

With Word for the web, you use your web browser to create, view, and edit the personal documents that you store on OneDrive. If your organization or college has a Microsoft 365 plan or SharePoint site, start using Word for the web by creating or storing documents in libraries on your site.Save changes

Word saves your changes automatically. Look on the status bar at the bottom left corner of Word for the web. It will either show **Saved** or **Saving**.



(https://support.microsoft.com/en-us/office/basic-tasks-in-word-87b3243c-b0bf-4a29-82aa-09a681999fdc#ID0EABAAA=Web)

    106.    The player on the device operates with the virtual machine to execute the JavaScript instructions provided with the Accused Instrumentality in order to query the database for the output symbolic names and output values.  The instructions also provide for the display of these one or more output values in the UI object in order to display the appropriate data to the user.



COMPLAINT FOR PATENT INFRINGEMENT



COMPLAINT FOR PATENT INFRINGEMENT

# Work together on the same doc

To work together in Word for the web, you edit a document as you normally would. If others are also editing it, Word for the web alerts you to their presence. You can see everyone who is currently working in the document by clicking in the ribbon.



Clicking on an author's name jumps you to where they're working in the doc. And you'll see the changes they make as they're happening. They can be working in Word for the web, Word 2010 or later, or Word for Mac 2011.

**Source:** https://support.microsoft.com/en-us/office/basic-tasks-in-word-87b3243c-b0bf-4a29-82aa-09a681999fdc#ID0EABAAA=Web

107. Microsoft was made aware of the '044 patent and its infringement thereof at least as early as July 27, 2019 when Express Mobile provided notice of Microsoft's infringement of the '044 patent to Dev Stahlkopf, General Counsel of Microsoft. Since at least the time Microsoft received notice, Microsoft has induced others to infringe at least one claim of the '044 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Microsoft's clients, customers, and end users, whose use of the Accused Instrumentality constitutes direct infringement of at least one claim of the '044 patent. In particular, Microsoft's actions that aid and abet others such as customers and end users to infringe include advertising and distributing the Accused Instrumentality and providing instruction materials, training, and services regarding the Accused Instrumentality. *See e.g.*, microsoft.com, support.microsoft.com, https://support.microsoft.com/en-us/office, https://support.microsoft.com/en-us/microsoft-365. Microsoft has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Microsoft has had actual knowledge of the '044

COMPLAINT FOR PATENT INFRINGEMENT

patent and knowledge that its acts were inducing infringement of the '044 patent since at least

the date Microsoft received notice that such activities infringed the '044 patent.

108.    Microsoft is liable as a contributory infringer of the '044 patent under 35 U.S.C. §

271(c) by offering to sell, selling and importing into the United States website or web page

authoring tools to be especially made or adapted for use in an infringement of the '044 patent.

The Accused Instrumentality is a material component for use in practicing the '044 patent, is

specifically made and is not a staple article of commerce suitable for substantial non-infringing

use.

109.    Upon information and belief, since the date of its receipt of notice, Microsoft's

infringement of the '044 patent has been willful and intentional under the standard announced in

*Halo Elecs., Inc. v. Pulse Elecs., Inc.,* 136 S.Ct. 1923, 195 L.Ed 2d 278 (2016).  Since at least

July 27, 2019, Microsoft has willfully infringed the '044 patent by refusing to take a license and

continuing to make, use, test, sell, license, and/or offer for sale/license the Accused

Instrumentality.  Microsoft has been aware that it infringes the '044 patent since at least July 27,

2019 and instead of taking a license, Microsoft has opted to make the business decision to

"efficiently infringe" the '044 patent.  In doing so, Microsoft willfully infringed the '044 Patent.

110.    Microsoft's infringement has damaged and injured and continues to damage and

injure Express Mobile.

## COUNT IV - INFRINGEMENT OF U.S. PATENT NO. 9,471,287

111.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 to 110

above.

112.    Microsoft has manufactured, used, sold, offered to sell and/or provided and

continues to manufacture, use, sell, offer for sale and/or provide its browser-based version of

Office Web App (the "Accused Instrumentality") that infringes, either literally or under the

doctrine of equivalents, one or more claims of the '287 patent in violation of 35 U.S.C. § 271(a).

COMPLAINT FOR PATENT INFRINGEMENT

113.    Upon information and belief, Microsoft has directly infringed at least claim 1 of the '287 patent through its Accused Instrumentality that generates code to provide content on a display of a device.

114.    The Accused Instrumentality is a system for generating code to provide content on the display of a device for each of its users.  The Accused Instrumentality server delivers browser-based versions of Word, PowerPoint, Excel, and OneNote.  For example, the Microsoft Word Web App (shown below) generates code to provide content on the display of a user device, such as a desktop computer, laptop, tablet, and/or mobile phones.

COMPLAINT FOR PATENT INFRINGEMENT

## How SharePoint 2013 uses Office Web Apps Server for viewing and editing Office documents

When used with SharePoint Server 2013, Office Web Apps Server provides updated versions of Word Web App, Excel Web App, PowerPoint Web App, and OneNote Web App. Users can view and, in some cases, edit Office documents in SharePoint libraries by using a supported web browser on computers and on many mobile devices, such as Windows Phones, iPhones, iPads, and Windows 8 tablets. Among the many new features in Office Web Apps, improved touch support and editing capabilities enable users of iPads and Windows 8 tablets to enjoy editing and viewing Office documents directly from their devices.

The following illustration summarizes the viewing and editing capabilities of Office Web Apps on different kinds of devices.

**Viewing and editing capabilities of Office Web Apps**



**Source:** https://docs.microsoft.com/en-us/webappsserver/office-web-apps-server-overview

115. The Accused Instrumentality stores the content and settings adjustments in a database, both locally and on Microsoft's external database servers. The system includes memory to store user selections and other information relating to the web components or elements that are to be displayed.

## Differences between the Office Web Apps deployment models

Office Web Apps then and now




COMPLAINT FOR PATENT INFRINGEMENT

**Source:** https://docs.microsoft.com/en-us/webappsserver/office-web-apps-server-overview

116.     The various menus in the Accused Instrumentality include symbolic names for web components such as "Table" and "TableContainer," a component that can be evoked by the corresponding symbolic name.  The Table component is related to table inputs and display outputs of the Accused Instrumentality web service, obtained over a network by the user.  The component's name is a character string that is not a persistent address or pointer to an output value.  The Table component is associated with a data format class type corresponding to a subclass of UI objects (in this case, Tables in a Word document), and where this symbolic name has a preferred UI object (the Table).



COMPLAINT FOR PATENT INFRINGEMENT



117.    When a user accesses a document via the Accused Instrumentality, that document has a persistent address that is stored in the database to allow users to return to and consistently access or share a specific document.

## Differences between the Office Web Apps deployment models

Office Web Apps then and now




COMPLAINT FOR PATENT INFRINGEMENT

# How Office Web Apps Server enables users to view Office files in shared folders and websites by using Online Viewers

Online Viewers enable users to use a web browser to view Excel, PowerPoint and Word files that are stored on web servers or shared folders in an organization. Users can conveniently view Office files in a web browser without having to open a separate application. In addition, Online Viewers do not require Office 2013 to be installed on users' computers. Online Viewers also generate the code that is required to link or embed the URL inside a webpage. You can use Online Viewers within your Intranet, or on the Internet.

**Source:** https://docs.microsoft.com/en-us/webappsserver/office-web-apps-server-overview

118.   The Accused Instrumentality has an authoring tool configured to define a UI object for presentation on the display.



COMPLAINT FOR PATENT INFRINGEMENT

119.     The defined UI object that is selected is a Table, which is a web component of the Accused Instrumentality.  The Table's contents and settings comprise an input of the web service, and the resulting output to the user and associated parameters are an output of the web service.  In this case, the defined UI object was selected by a user of the authoring tool.  The authoring tool in the Accused Instrumentality is configured to access said computer memory to select the symbolic name corresponding to the web component of the defined UI object.  For example, the Accused Instrumentality accesses page components such as Tables and their associated data from memory as shown below.

COMPLAINT FOR PATENT INFRINGEMENT



120.    When the Accused Instrumentality creates a UI object, it is associated with a

symbolic name unique to that type of UI object (such as a Table).  The authoring tool associates

this symbolic name with the defined UI object so that it can be referenced by the Accused

COMPLAINT FOR PATENT INFRINGEMENT

Instrumentality at a later time.  This data will be committed to the database by the authoring tool as demonstrated below.



121.     The authoring tool in the Accused Instrumentality is configured to build an application consisting of one or more web page views from the Microsoft database.  The application is provided, for example, in the form of JavaScript files and associated data for the web page views that are stored in the Microsoft database.  When a browser is used to access the Accused Instrumentality it uses a player which interacts with the application and data stored on the Microsoft server.  The player accesses and renders the data to generate the web page viewed by the user.  The player operates with the virtual machine (for example, Microsoft Internet Explorer uses the Trident or Blink virtual machine, depending on the software version) and the information stored in the database in order to generate and display at least a portion of one or more web pages.  The player includes code that is device-platform-dependent in order to allow the environment to work across a variety of devices such as personal computers (including laptops and desktops), tablets, browsers, and mobile phones.

122.     As described and shown above, when a browser accesses Web Apps built by a Microsoft user, the application is provided to the device, for example, in the form of JavaScript

COMPLAINT FOR PATENT INFRINGEMENT

files and other assets. The player code operates with the virtual machine to interpret this
JavaScript and execute it locally.



123.    The Accused Instrumentality includes UI objects (such as text fields and tables)
that are configured to receive input and generate visual output. Interaction by the user with the
Accused Instrumentality allows the App to store any input values with the Microsoft database.
The web service also uses that same data to generate and display output values associated with
these inputs when displaying data from the database to the user.

COMPLAINT FOR PATENT INFRINGEMENT



# Basic tasks in Word

*Word for Microsoft 365, Word for the web, Word 2019, Word 2016, Word 2013, Word 2010*

| Newer Versions | **Web** | Office 2013 | Office 2010 |

With Word for the web, you use your web browser to create, view, and edit the personal documents that you store on OneDrive. If your organization or college has a Microsoft 365 plan or SharePoint site, start using Word for the web by creating or storing documents in libraries on your site. Save changes

Word saves your changes automatically. Look on the status bar at the bottom left corner of Word for the web. It will either show **Saved** or **Saving**.



**Source**: https://support.microsoft.com/en-us/office/basic-tasks-in-word-87b3243c-b0bf-4a29-82aa-09a681999fdc#ID0EABAAA=Web

COMPLAINT FOR PATENT INFRINGEMENT

124.     The player code on the device operates with the virtual machine to execute the JavaScript instructions provided with the Accused Instrumentality in order to query the database for the output symbolic names and output values.  The instructions also provide for the display of these one or more output values in the UI object in order to display the appropriate data to the user.



COMPLAINT FOR PATENT INFRINGEMENT



COMPLAINT FOR PATENT INFRINGEMENT

# Work together on the same doc

To work together in Word for the web, you edit a document as you normally would. If others are also editing it, Word for the web alerts you to their presence. You can see everyone who is currently working in the document by clicking in the ribbon.



Clicking on an author's name jumps you to where they're working in the doc. And you'll see the changes they make as they're happening. They can be working in Word for the web, Word 2010 or later, or Word for Mac 2011.

**Source:** https://support.microsoft.com/en-us/office/basic-tasks-in-word-87b3243c-b0bf-4a29-82aa-09a681999fdc#ID0EABAAA=Web

125.    Microsoft was made aware of the '287 patent and its infringement thereof at least as early as July 27, 2019 when Express Mobile provided notice of Microsoft's infringement of the '287 patent to Dev Stahlkopf, General Counsel of Microsoft.  Since at least the time Microsoft received notice, Microsoft has induced others to infringe at least one claim of the '287 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Microsoft's clients, customers, and end users, whose use of the Accused Instrumentality constitutes direct infringement of at least one claim of the '287 patent.  In particular, Microsoft's actions that aid and abet others such as customers and end users to infringe include advertising and distributing the Accused Instrumentality and providing instruction materials, training, and services regarding the Accused Instrumentality.  *See e.g.*, microsoft.com, support.microsoft.com, https://support.microsoft.com/en-us/office, https://support.microsoft.com/en-us/microsoft-365. Microsoft has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Microsoft has had actual knowledge of the '287

COMPLAINT FOR PATENT INFRINGEMENT

patent and knowledge that its acts were inducing infringement of the '287 patent since at least the date Microsoft received notice that such activities infringed the '287 patent.

126.     Microsoft is liable as a contributory infringer of the '287 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States website or web page authoring tools to be especially made or adapted for use in an infringement of the '287 patent. The Accused Instrumentality is a material component for use in practicing the '287 patent, is specifically made and is not a staple article of commerce suitable for substantial non-infringing use.

127.     Upon information and belief, since the date of its receipt of notice, Microsoft's infringement of the '287 patent has been willful and intentional under the standard announced in *Halo Elecs., Inc. v. Pulse Elecs., Inc.,* 136 S.Ct. 1923, 195 L.Ed 2d 278 (2016).  Since at least July 27, 2019, Microsoft has willfully infringed the '287 patent by refusing to take a license and continuing to make, use, test, sell, license, and/or offer for sale/license the Accused Instrumentality.  Microsoft has been aware that it infringes the '287 patent since at least July 27, 2019 and instead of taking a license, Microsoft has opted to make the business decision to "efficiently infringe" the '287 patent.  In doing so, Microsoft willfully infringed the '287 Patent.

128.     Microsoft's infringement has damaged and injured and continues to damage and injure Express Mobile.

## COUNT V - INFRINGEMENT OF U.S. PATENT NO. 9,063,755

129.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 to 128 above.

130.     Microsoft has manufactured, used, sold, offered to sell and/or provided and continues to manufacture, use, sell, offer for sale and/or provide its browser-based version of the Microsoft Office Web App which comprises a system to generate code to provide content on a display of a device (the "Accused Instrumentality") that infringes, either literally or under the doctrine of equivalents, one or more claims of the '755 patent in violation of 35 U.S.C. § 271(a).

COMPLAINT FOR PATENT INFRINGEMENT

131.    Upon information and belief, Microsoft has directly infringed at least claim 1 of the '755 patent through its Accused Instrumentality that generates code to provide content on a display of a device.

132.    The Accused Instrumentality is a system for generating code to provide content on a display of a device.  The Accused Instrumentality server delivers browser-based versions of Word, PowerPoint, Excel, and OneNote.  For example, the Word Web App (shown below) generates code to provide the content below on a display of a user device, such as a desktop computer, laptop, tablet, and/or smart phone.



COMPLAINT FOR PATENT INFRINGEMENT

# How SharePoint 2013 uses Office Web Apps Server for viewing and editing Office documents

When used with SharePoint Server 2013, Office Web Apps Server provides updated versions of Word Web App, Excel Web App, PowerPoint Web App, and OneNote Web App. Users can view and, in some cases, edit Office documents in SharePoint libraries by using a supported web browser on computers and on many mobile devices, such as Windows Phones, iPhones, iPads, and Windows 8 tablets. Among the many new features in Office Web Apps, improved touch support and editing capabilities enable users of iPads and Windows 8 tablets to enjoy editing and viewing Office documents directly from their devices.

The following illustration summarizes the viewing and editing capabilities of Office Web Apps on different kinds of devices.

**Viewing and editing capabilities of Office Web Apps**



**Source:** https://docs.microsoft.com/en-us/webappsserver/office-web-apps-server-overview

133. The Accused Instrumentality stores the content and settings adjustments in a database, both locally and on Microsoft's external database servers.

### Differences between the Office Web Apps deployment models

Office Web Apps then and now



**Source:** https://docs.microsoft.com/en-us/webappsserver/office-web-apps-server-overview

134.    The various menus in the Accused Instrumentality include symbolic names for web components such as "Table" and "TableContainer," a component that can be evoked by the corresponding symbolic name.  The Table component is related to table inputs and display outputs of the Accused Instrumentality web service, obtained over a network by the user.  The component's name is a character string that is not a persistent address or pointer to an output value.  The Table component is associated with a data format class type corresponding to a subclass of UI objects (in this case, Tables in a Word document), and where this symbolic name has a preferred UI object (the Table).

COMPLAINT FOR PATENT INFRINGEMENT



135.   When a user accesses a document via the Accused Instrumentality, that document has a persistent address that is stored in the database to allow users to return to and consistently access or share a particular document.



**Source:** https://docs.microsoft.com/en-us/webappsserver/office-web-apps-server-overview

136.   The Accused Instrumentality has an authoring tool configured to define a UI object for presentation on the display.  The defined UI object corresponds to the web component

COMPLAINT FOR PATENT INFRINGEMENT

included in said registry selected from the group consisting of an input of the web service and an output of the web service. For example, the various menus in the Accused Instrumentality include symbolic names for web components such as "Table" and "TableContainer," a component that can be evoked by the corresponding symbolic name. The Table component is related to table inputs and display outputs of the Accused Instrumentality web service, obtained over a network by the user.

COMPLAINT FOR PATENT INFRINGEMENT

137.   In the example above, the defined UI object that is selected is a Table, which is a web component of the Accused Instrumentality.  The Table's contents and settings comprise an input of the web service, and the resulting output to the user and associated parameters are an output of the web service.  In this case, the defined UI object was selected by a user of the authoring tool.  The authoring tool in the Accused Instrumentality is configured to access said computer memory to select the symbolic name corresponding to the web component of the defined UI object.  For example, the Accused Instrumentality accesses page components such as Tables and their associated data from memory as shown below.

COMPLAINT FOR PATENT INFRINGEMENT



138. When the Accused Instrumentality creates a UI object, it is associated with a symbolic name unique to that type of UI object (such as a Table). The authoring tool associates this symbolic name with the defined UI object so that it can be referenced by the Accused

Instrumentality at a later time.  This data will be committed to the database by the authoring tool as demonstrated below.  The authoring tool in the Accused Instrumentality is configured to build an application consisting of one or more web page views from the Microsoft database.  The application is provided, for example, in the form of JavaScript files and associated data for the web page views that are stored in the Microsoft database.  When a browser is used to access the Accused Instrumentality, it uses a player which interacts with the application and data stored on the Microsoft server.  The player accesses and renders the data to generate the web page viewed by the user.  The player operates with the virtual machine (for example, Microsoft Internet Explorer uses the Trident or Blink virtual machine, depending on the software version) and the information stored in the database in order to generate and display at least a portion of one or more web pages.  The player includes code that is device-platform-dependent in order to allow the environment to work across a variety of devices such as personal computers (including laptops and desktops), tablets, browsers, and mobile phones.



139.    As described and shown above, when a browser accesses Web Apps built by a Microsoft user, the application is provided to the device in the form of JavaScript files and other assets.  The browser's player interprets this JavaScript and executes it locally.



COMPLAINT FOR PATENT INFRINGEMENT

140. The Accused Instrumentality includes UI objects (such as text fields and tables) that are configured to receive input and generate visual output. Interaction by the user with the Accused Instrumentality allows the App to store any input values in the Microsoft database. The web service also uses that same data to generate and display output values associated with these inputs when displaying data from the database to the user.



COMPLAINT FOR PATENT INFRINGEMENT



# Basic tasks in Word

*Word for Microsoft 365, Word for the web, Word 2019, Word 2016, Word 2013, Word 2010*

**Newer Versions**    **Web**    **Office 2013**    **Office 2010**

With Word for the web, you use your web browser to create, view, and edit the personal documents that you store on OneDrive. If your organization or college has a Microsoft 365 plan or SharePoint site, start using Word for the web by creating or storing documents in libraries on your site. Save changes

Word saves your changes automatically. Look on the status bar at the bottom left corner of Word for the web. It will either show **Saved** or **Saving**.



**Source:** https://support.microsoft.com/en-us/office/basic-tasks-in-word-87b3243c-b0bf-4a29-82aa-09a681999fdc#ID0EABAAA=Web

COMPLAINT FOR PATENT INFRINGEMENT

141.    The player code on the device operates with the virtual machine to execute the JavaScript instructions provided with the Accused Instrumentality in order to query the database for the output symbolic names and output values.  The instructions also provide for the display of these one or more output values in the UI object in order to display the appropriate data to the user.



COMPLAINT FOR PATENT INFRINGEMENT



COMPLAINT FOR PATENT INFRINGEMENT

# Work together on the same doc

To work together in Word for the web, you edit a document as you normally would. If others are also editing it, Word for the web alerts you to their presence. You can see everyone who is currently working in the document by clicking in the ribbon.



Clicking on an author's name jumps you to where they're working in the doc. And you'll see the changes they make as they're happening. They can be working in Word for the web, Word 2010 or later, or Word for Mac 2011.

**Source:** https://support.microsoft.com/en-us/office/basic-tasks-in-word-87b3243c-b0bf-4a29-82aa-09a681999fdc#ID0EABAAA=Web

142.    Microsoft was made aware of the '755 patent and its infringement thereof at least as early as July 27, 2019 when Express Mobile provided notice of Microsoft's infringement of the '755 patent to Dev Stahlkopf, General Counsel of Microsoft. Since at least the time Microsoft received notice, Microsoft has induced others to infringe at least one claim of the '755 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Microsoft's clients, customers, and end users, whose use of the Accused Instrumentality constitutes direct infringement of at least one claim of the '755 patent. In particular, Microsoft's actions that aid and abet others such as customers and end users to infringe include advertising and distributing the Accused Instrumentality and providing instruction materials, training, and services regarding the Accused Instrumentality. *See e.g.*, microsoft.com, support.microsoft.com, https://support.microsoft.com/en-us/office, https://support.microsoft.com/en-us/microsoft-365. Microsoft has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Microsoft has had actual knowledge of the '755

COMPLAINT FOR PATENT INFRINGEMENT

patent and knowledge that its acts were inducing infringement of the '755 patent since at least

the date Microsoft received notice that such activities infringed the '755 patent.

143.    Microsoft is liable as a contributory infringer of the '755 patent under 35 U.S.C. §

271(c) by offering to sell, selling and importing into the United States website or web page

authoring tools to be especially made or adapted for use in an infringement of the '755 patent.  The

Accused Instrumentality is a material component for use in practicing the '755 patent, is

specifically made and is not a staple article of commerce suitable for substantial non-infringing

use.

144.    Upon information and belief, since the date of its receipt of notice, Microsoft's

infringement of the '755 patent has been willful and intentional under the standard announced in

*Halo Elecs., Inc. v. Pulse Elecs., Inc.,* 136 S.Ct. 1923, 195 L.Ed 2d 278 (2016).  Since at least July

27, 2019, Microsoft has willfully infringed the '755 patent by refusing to take a license and

continuing to make, use, test, sell, license, and/or offer for sale/license the Accused Instrumentality.

Microsoft has been aware that it infringes the '755 patent since at least July 27, 2019 and instead

of taking a license, Microsoft has opted to make the business decision to "efficiently infringe"

the '755 patent.  In doing so, Microsoft willfully infringed the '755 Patent.

145.    Microsoft's infringement has damaged and injured and continues to damage and

injure Express Mobile.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment for Plaintiff and against

Defendant as follows:

146.    That U.S. Patent No. 6,546,397 be judged valid, enforceable, and infringed by

Defendant;

147.    That U.S. Patent No. 7,594,168 be judged valid, enforceable, and infringed by

Defendant;

148.    That U.S. Patent No. 9,928,044 be judged valid, enforceable, and infringed by

Defendant;

COMPLAINT FOR PATENT INFRINGEMENT

149.     That U.S. Patent No. 9,471,287 be judged valid, enforceable, and infringed by Defendant;

150.     That U.S. Patent No. 9,063,755 be judged valid, enforceable, and infringed by Defendant;

151.     That Plaintiff be awarded judgment against Defendant for damages together with interests and costs fixed by the Court including an accounting of all infringements and/or damages not presented at trial;

152.     That the Court declare this an exceptional case and award Plaintiff its attorneys' fees, as provided by 35 U.S.C. § 285 and that Plaintiff be awarded enhanced damages up to treble damages for willful infringement as provided by 35 U.S.C. § 284; and

153.     That Plaintiff be awarded such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a jury trial on all issues so triable.

Dated:  September 1, 2020                                Respectfully submitted,

                                             By:     */s/ Robert Kramer*
                                                       Robert Kramer

                                                       FEINBERG DAY KRAMER ALBERTI
                                                       LIM TONKOVICH & BELLOLI LLP

                                                       *Attorneys for* Express Mobile, Inc.

COMPLAINT FOR PATENT INFRINGEMENT